UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
KARINA SIGALOVSKAYA,                                              **ANSWER**

                              Plaintiff,                                 Civil Action No.
       v.                                                                                  15-CV-0034

SPECIAL AGENT ABIGAIL P. BRADEN, Individually            (Townes, J.)
And in her capacity as SPECIAL AGENT, DEPARTMENT       (Levy, M.J.)
OF HOMELAND SECURITY, SPECIAL AGENTS
"JOHN DOE" #1-10,
                             Defendants.
------------------------------------------------------------------------x

       Defendant SPECIAL AGENT ABIGAIL P. BRADEN ("Defendant"), by and through her attorney, Kelly T. Currie, Acting United States Attorney, Eastern District of New York, and Dara A. Olds, Assistant United States Attorney, of counsel, answers the correspondingly numbered paragraphs of the Complaint, upon information and belief, as follows:

       1.     This paragraph is a statement of jurisdiction, to which no response is required; to the extent a response is deemed required, this paragraph is denied.

       2.     This paragraph is a statement of jurisdiction, to which no response is required; to the extent a response is deemed required, this paragraph is denied.

       3.     This paragraph is a statement of jurisdiction, to which no response is required; to the extent a response is deemed required, this paragraph is denied.

       4.     This paragraph is a statement of venue, to which no response is required; to the extent a response is deemed required, this paragraph is denied.

       5.     This paragraph is a request for a trial by jury, to which no response is required; to the extent a response is deemed required, this paragraph is denied.

       6.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 of the Complaint and, accordingly, denies.

7. Defendant denies, except admits that Special Agent Abigail Braden was employed as a Special Agent with the Department of Homeland Security, Homeland Security Investigations, assigned to the Child Exploitation Group during the time of plaintiff's arrest.

8. Defendant denies, except to admit that at all times relevant to this lawsuit Special Agent Braden was acting within the course and scope of her employment as a Special Agent with the Department of Homeland Security, Homeland Security Investigations.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9 of the Complaint and, accordingly, denies.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10 of the Complaint and, accordingly, denies.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11 of the Complaint and, accordingly, denies.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12 of the Complaint and, accordingly, denies.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13 of the Complaint and, accordingly, denies.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 of the Complaint and, accordingly, denies.

15. Denies.

16. Admits.

17. Admits.

18. Denies.

19. Denies.

20. Denies.

21. Denies.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22 of the Complaint and, accordingly, denies.

23. Denies.

24. Denies.

25. Denies.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 26 of the Complaint and, accordingly, denies.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 27 of the Complaint and, accordingly, denies.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 28 of the Complaint and, accordingly, denies.

29. Denies.

30. Denies.

31. Denies.

32. Denies.

33. Denies.

34. Denies.

35. Denies.

36. Denies.

37. Denies.

38. Denies, except admits that Special Agent Braden showed plaintiff two pornographic redacted photographs on a cell phone.

39. Admits.

40. Denies, except admits that plaintiff's daughter was in the photographs.

41. Denies, except admits that plaintiff was asked whether she recognized the girl in the redacted photographs.

42. Admits.

43. Denies, except admits that plaintiff was asked whether she recognized where the photographs were taken.

44. Denies, except admits that plaintiff identified her apartment as the location in the photographs.

45. Denies.

46. Denies.

47. Denies and states that plaintiff stated that she had taken the photographs shown to her of her daughter.

48. Denies and states that plaintiff said her son participated in taking the photographs shown to her of her daughter.

49. Denies.

50. Denies.

51. Denies.

52. Denies, except admits that plaintiff was arrested and charged with 18 U.S.C. § 2251(a) and 18 U.S.C. § 2252(a)(4)(B).

53. Denies.

54. Denies.

55. Denies.

56. Denies.

57. Denies.

58. Denies.

59. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 59 of the Complaint and, accordingly, denies.

60. Denies, except admits that plaintiff was arrested and brought downstairs in her building.

61. Denies, except admits that plaintiff was placed under arrest and placed in handcuffs.

62. Denies, except admits that plaintiff was brought to a Federal Detention Center following her arrest.

63. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 63 of the Complaint and, accordingly, denies, except admits that a DNA sample was submitted by the plaintiff.

64. Admits.

65. Admits.

66. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 66 of the Complaint and, accordingly, denies, except admits that plaintiff was remanded and held without bail.

67. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 67 of the Complaint and, accordingly, denies.

68. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 68 of the Complaint and, accordingly, denies.

69. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 69 of the Complaint and, accordingly, denies.

70. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 70 of the Complaint and, accordingly, denies.

71. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 71 of the Complaint and, accordingly, denies.

72. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 72 of the Complaint and, accordingly, denies.

73. Admits.

74. Denies, and directs the Court to full transcript of the sentencing hearing.

75. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 75 of the Complaint and, accordingly, denies.

76. Denies.

77. Denies.

78. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 78 of the Complaint and, accordingly, denies.

79. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 79 of the Complaint and, accordingly, denies.

80. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 80 of the Complaint and, accordingly, denies.

81. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 81 of the Complaint and, accordingly, denies.

82. Denies.

83. Denies.

84. This paragraph restates the previous paragraphs and no response is required; to the extent a response is required, defendant's responses to paragraphs 1-83 are incorporated by reference as if fully set forth herein.

85. Denies.

86. Denies.

87. Denies.

88. Denies

89. Denies.

90. This paragraph restates the previous paragraphs and no response is required; to the extent a response is required, defendant's responses to paragraphs 1-89 are incorporated by reference as if fully set forth herein.

91. Denies.

92. Denies.

93. This paragraph restates the previous paragraphs and no response is required; to the extent a response is required, defendant's responses to paragraphs 1-92 are incorporated by reference as if fully set forth herein.

94. Denies.

95. Denies.

96. Denies.

97. Denies and states that Special Agent Braden signed the Criminal Court Complaint.

98. Denies.

99. Denies.

100. Denies.

101. Denies.

102. Denies.

103. Denies.

104. Denies.

105. This paragraph restates the previous paragraphs and no response is required; to the extent a response is required, defendant's responses to paragraphs 1-104 are incorporated by reference as if fully set forth herein.

106. Denies.

107. Denies.

108. Denies.

109. Denies.

110. This paragraph restates the previous paragraphs and no response is required; to the extent a response is required, defendant's responses to paragraphs 1-109 are incorporated by reference as if fully set forth herein.

111. Denies.

112. Denies.

113. Denies.

114. Denies.

115. Denies.

116. Denies, including all subparts.

117. Denies.

The unnumbered, final paragraph of the Complaint constitutes a prayer for relief to which no response is required; to the extent a response is deemed to be required, defendant denies.

**FIRST DEFENSE**

The Complaint should be dismissed to the extent the Court lacks subject matter jurisdiction.

**SECOND DEFENSE**

The Complaint should be dismissed to the extent the Court lacks personal jurisdiction over defendant and/or plaintiff failed to serve process on the defendant.

**THIRD DEFENSE**

The Complaint should be dismissed to the extent it fails to state a claim upon which relief can be granted.

**FOURTH DEFENSE**

The Complaint should be dismissed to the extent plaintiff has failed to allege a constitutional violation.

**FIFTH DEFENSE**

The Complaint should be dismissed because the acts and/or omissions of Special Agent Braden were not the proximate cause of any injury to, or deprivation of constitutional rights of, the plaintiff.

**SIXTH DEFENSE**

Special Agent Braden possessed probable cause to arrest plaintiff.

**SEVENTH DEFENSE**

The Complaint should be dismissed because Special Agent Braden's actions were at all times lawful and reasonable.

**EIGHTH DEFENSE**

The claims against Special Agent Braden should be dismissed because she is immune from liability under the doctrine of qualified immunity.

## NINTH DEFENSE

The Complaint should be dismissed to the extent the defendant is sued in her official capacity and, thus, is protected by sovereign immunity.

## TENTH DEFENSE

The Complaint should be dismissed to the extent plaintiff seeks recovery for mental or emotional injury but fails to allege a physical injury.

## ELEVENTH DEFENSE

The Complaint should be dismissed to the extent plaintiff's claims properly sound in common law tort and plaintiff failed to exhaust her administrative remedies under the Federal Tort Claims Act. *see* 28 U.S.C. § 2401(b)).

## TWELFTH DEFENSE

Plaintiff's claims are barred pursuant to 28 U.S.C. § 2680(a) to the extent any such claim falls within the gamut of discretionary function exception to the Federal Tort Claims Act, 28 U.S.C. § § 1346(b), 2671 *et seq*.

## THIRTEENTH DEFENSE

To the extent plaintiff seeks to recover punitive or exemplary damages, Special Agent Braden pleads the defenses of sovereign immunity and lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 2674.

WHEREFORE, defendant demands judgment dismissing the Complaint in its entirety, and for such other and further relief as this Court may deem just and proper.

Dated:  Brooklyn, New York
　　　　May 19, 2015

                                   KELLY T. CURRIE
                                   Acting United States Attorney
                                   *Counsel for Special Agent Abigail Braden*
                                   Eastern District of New York
                                   271 Cadman Plaza East, 7th Floor
                                   Brooklyn, New York 11201

                    By:     /s/ Dara A. Olds
                             DARA A. OLDS
                             Assistant United States Attorney
                             (718) 254-6148
                             dara.olds@usdoj.gov


TO:    LAW OFFICE OF JON L. NORINSBERG
         Jon L. Norinsberg, Esq.
         *Counsel for Plaintiff*
         225 Broadway, Suite 2700
         Garden City, NY 11530